IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION



| TYRONE E. PAYNE, | Cause No. CV 12-00168-M-DLC-JCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JAMIE MERIFIELD, | |
| Defendant. | |

Pending is Plaintiff Tyrone Payne's Motion to Proceed in Forma Pauperis, proposed Complaint, and Motion for Summary Judgment. The Motion to proceed in forma pauperis will be granted. Payne's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). It will therefore be recommended that Payne's Motion for Summary Judgment be denied and the Complaint dismissed.

## I. Motion to Proceed in Forma Pauperis

Payne submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Payne must pay the statutory $350.00

1

filing fee. Payne has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Payne will be directed to forward payments from Payne's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statement of the Case

### A. Parties

Payne is a prisoner proceeding without counsel. He is incarcerated at Crossroads Correctional Center in Shelby, Montana. The named defendant is Jamie Merifield, a detective with the Missoula Police Department.

### B. Factual Background

On March 16, 2009, Payne was stopped in Missoula on a traffic stop. Officer Franke, one of two officers participating in the stop, learned from dispatch, that Payne was a registered sex offender in Connecticut. During the stop, Franke contacted Detective Merifield and asked her to investigate whether Payne was required to register in Montana. Payne was not arrested that night for failure to register in Montana. Detective Merifield got in touch with Officer Franke a few

2

days later and told him Payne was required to register in Montana. On March 24, 2009, Franke arrested Payne for felony failure to register as a sex offender. The jury rendered a unanimous verdict of guilty on September 10, 2009. On March 22, 2011, the Montana Supreme Court denied rehearing of its March 1, 2011 ruling that any error in Payne's September 10, 2009 trial was harmless.

## C. Allegations

Payne raises four nearly incomprehensible counts. Payne argues that Detective Merifield violated his rights under the Fourth, Sixth and Fourteenth Amendments. But it is not clear whether Payne is alleging that Detective Merifield should be liable for "creating" evidence at trial or for simply not having an official from Connecticut to testify at trial.

## III. Prescreening

### A. Standard

Because Payne is a prisoner proceeding in forma pauperis, his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Payne*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## B. Analysis

Payne's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that,

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487. Payne is seeking to hold Detective Merifield liable for her testimony at his criminal trial that he was not in compliance with Connecticut's registration laws.

A judgment in favor of Payne in this Court regarding whether Detective Merifield violated Payne's Fourth, Sixth, or Fourteenth Amendment rights would necessarily imply the invalidity of Payne's conviction. Payne's conviction has not been overturned as it was upheld on direct appeal and is currently pending on a federal petition for writ of habeas corpus in this Court. *See State v. Payne*, 359 Mont. 270, 248 P.3d 842 ¶ 12 (Mont. 2011); Civil Action No. 11-CV-42-M-DWM-JCL.

As such, Payne's claims are barred by *Heck*. This is not a defect which

5

could be cured by the allegation of additional facts. Accordingly, Payne's motion for summary judgment should be denied and the Complaint should be dismissed. The dismissal should be <u>without prejudice</u> so that Payne will have an opportunity to reassert his claims if he ever succeeds in invalidating his conviction. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provides:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445).

6

For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. The finding that Payne's claims are *Heck* barred is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Payne's Motion to Proceed in Forma Pauperis (Dkt. 1) is granted. The Clerk shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on October 4, 2012.

3. At all times during the pendency of this action, Payne SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Payne's Motion for Summary Judgment (Dkt. 3) should be denied.

2. Payne's Complaint should be dismissed without prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Payne may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Payne files objections, he must itemize each factual finding to which

objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Payne from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of December, 2012.

Jeremiah C. Lynch
United States Magistrate Judge