

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| TYRONE E. PAYNE, | ) | CV 12-168-M-DLC-JCL |
| Plaintiff, | ) | ORDER |
| vs. | ) | |
| JAMIE MERIFIELD, | ) | |
| Defendants. | ) | |

Plaintiff Tyrone Merifield filed a proposed complaint and motion for summary judgment on October 4, 2012, alleging Defendant Jamie Merifield violated his constitutional rights by creating evidence at his trial and failing to have an official from Connecticut testify regarding his failure to register as a sexual offender. (Doc. 2.) United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on December 12, 2012. (Doc. 9.) Judge Lynch recommended Plaintiff's motion for summary judgment be denied and his complaint be dismissed because it is barred by the *Heck* doctrine. Plaintiff timely

1

objected and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Lynch's Findings and Recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Plaintiff's first objection is unclear. He quotes a sentence from the Montana Supreme Court opinion of his appeal stating failure to comply with another state's statute is not an element of the crime with which Plaintiff was charged. He then cites a Ninth Circuit opinion for the proposition that "[f]ederal courts must accept a state's highest court's interpretation of the law." As Judge Lynch pointed out, the Montana Supreme Court upheld Plaintiff's conviction, so it is unclear what Plaintiff believes is the interpretation of his state court appeal this Court must accept.

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Any judgment by this Court in Plaintiff's favor would necessarily imply the invalidity of his conviction in State court for failure to register as a sexual offender. Plaintiff's conviction has not been invalidated–it was affirmed by the Montana Supreme Court and his habeas petition is currently pending in this Court. See CV-11-42-M-DWM-JCL. As such, Plaintiff's objections under the Fourth, Sixth, and Fourteenth Amendments are all *Heck*-barred and his complaint must be dismissed. There being no clear error in Judge Lynch's remaining Findings and Recommendations,

IT IS ORDERED:

1. Judge Lynch's Findings and Recommendations (doc. 9) are adopted in full.

2. Plaintiff's motion for summary judgment (doc. 3) is DENIED.

3. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The Clerk of Court shall close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. Pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith because the complaint lacks arguable substance in law of fact.

DATED this 12th day of February, 2013.

Dana L. Christensen, District Judge
United States District Court